IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERI MYERS, **on behalf of herself and all similarly situated persons** | ) ) ) | Case No. 2:09cv696 |
| Plaintiffs | ) ) | (Judge             ) |
| -vs- | ) ) | CLASS COMPLAINT AND JURY DEMAND |
| ASSET ACCEPTANCE LLC, | ) ) | |
| and | ) ) | |
| KIMBERLY A. KLEMENOK, | ) ) | |
| and | ) ) | |
| ERIC T. KOHUT, | ) ) | |
| and | ) ) | |
| JEFFREY J. SOBECK, | ) ) | |
| and | ) ) | |
| MARTIN BUNCE, | ) ) | |
| Defendants. | ) | |

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq.*  Plaintiff

avers that Defendants are debt collectors who have engaged in unfair debt collection practices by attaching deceptive affidavits and deceptive statements of account to their state-court collection complaints in violation of 15 U.S.C. §§ 1692e, e(10), 1692f and Ohio Rev. Code §§ 1345.02 and .03.

## JURISDICTION AND VENUE

2.  Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Jurisdiction over the Ohio cause of action is proper under 28 U.S.C. § 1367.  Venue in this district is proper pursuant to 28 U.S.C. §1391, since Defendants committed the act complained of in this district and Plaintiff resides in this district.

## PARTIES

3.  Plaintiff is a resident of Heath, Ohio, and is a consumer as it is defined in the FDCPA at 15 U.S.C. § 1692a (3) and  the OCSPA at Ohio Rev. Code § 1345.01 (D).  Any alleged debt she may have incurred which is material to this action was primarily for personal, family or household purposes.

4.  Defendant Asset Acceptance LLC [hereinafter "Asset" or collectively "Defendants"] is a purchaser of defaulted consumer debt for collection and, therefore, a "debt collector" as it is defined in the FDCPA at 15 U.S.C. § 1692a(6), and  a "supplier" as it is defined in the OCSPA at Ohio Rev. Code § 1345.01(C).

5. Defendants Klemenok, Kohut, Sobeck and Bunce [hereinafter "Asset Attorneys" or collectively "Defendants"] are attorneys who, at all times referenced herein were acting under the control, direction and supervision of "Asset" and are debt collectors and suppliers as they are defined in the same sections of the FDCPA and the OCSPA.

## COMMON CLASS ALLEGATIONS

6. Class I consists of all persons sued by any of the Defendants in any court in the United States within one year of the date this lawsuit was filed, where the complaint contained an affidavit substantially similar to Exhibit A hereto.

7. Class II consists of all persons sued by any of the Defendants in any court in the United States within one year of the date this lawsuit was filed, where the complaint contained an account statement substantially similar to Exhibit B hereto.

8. Plaintiff has standing and is a proper representative of each class plead herein within the meaning of Rule 23, Fed. R. Civ. P.

9. The class is sufficiently large so that joinder of all members is impractical.

10. There are questions of law and fact common to the class because the conduct of Defendants violated the federal and state rights of Plaintiff and all Class Members in a similar manner.

11. Common questions of fact include (1) whether the affidavit in question is misleading or deceptive; and (2) whether the statement of account in question is misleading or deceptive.

12. Common questions of law include (1) whether the affidavit in question violates the FDCPA, the OCSPA or both; and (2) whether the statement of account in question violates the FDCPA, the OCSPA or both.

13. Plaintiff will fairly and adequately represent the class since her claim is typical of the claims of the class.

14. Plaintiff has retained competent counsel who will vigorously pursue this action.

15. The prosecution of separate actions by individual members of the class would create risk of inconsistent or varying adjudications, which in turn would establish conflicting standards of conduct for Defendants.

16. Questions of law and fact common to the members of the class predominate over questions which apply only to individual members, since the conduct of Defendants is evidenced by uniform court documents which leave no room for individual determinations of fact or law.

### PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS.

17. Plaintiff allegedly owed money to Heritage Chase/Chase based upon credit card purchases [hereinafter the "account" or "debt"].

4

18. On or about May 4, 2009 Defendants sued Plaintiff on this debt in the Licking County, Ohio, Municipal Court which was designated case no. 09CVF1170[ a true and accurate copy of which is attached hereto as Exhibit "C"]. The attachments to the complaint upon which Plaintiff bases her causes of action are attached as Exhibits A and B.

## FIRST CAUSE OF ACTION

19. Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

20. Defendants' use of the affidavit (Exhibit A) in the circumstances described herein constituted a violation of the FDCPA, specifically 15 U.S.C. §§ 1692e and e(10), which prohibit deceptive or misleading representations in connection with the collection of any debt, and §1692f, which prohibits the use of an unfair or unconscionable means to collect any debt.

21. As a direct and proximate result of these violations, Plaintiff and the Class Members suffered damages to be proved at trial.

## SECOND CAUSE OF ACTION

22. Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

23. Defendants' use of the statement of account (Exhibit B) in the circumstances described herein constituted a violation of the FDCPA, specifically 15 U.S.C. §§ 1692e and e(10), which prohibit deceptive or misleading

representations in connection with the collection of any debt, and §1692f, which prohibits the use of an unfair or unconscionable means to collect any debt.

24. As a direct and proximate result of these violations, Plaintiff and the Class Members suffered damages to be proved at trial.

### THIRD CAUSE OF ACTION

25. Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

26. Defendants' conduct as described herein constituted a violation of the OCSPA, and specifically Ohio Rev. Code §§ 1345.02 and .03, which prohibit the use of deceptive, unfair and/or unconscionable means to collect a debt.

27. As a direct and proximate result of these violations Plaintiff and the Class Members suffered damages to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court for the following relief:

    a.    Certify this lawsuit for class treatment on behalf of the classes as sought and defined above;

    b.    Enter judgment against Defendants and in favor of Plaintiff and the Class Members;

    c.    Order Defendants to pay statutory damages to Plaintiff and to the Class Members;

    d.    Declare Defendants' conduct to have violated both the FDCPA and the OCSPA and enjoin them from continuing it;

    e.    Award Plaintiff and the Class Members a reasonable attorney fee and the costs incurred in the prosecution of this action; and

    f.    Order such further relief as this Court deems just and proper at law or in equity.

Respectfully submitted,

***/s/ Steven C. Shane***
Steven C. Shane (0041164)
P.O. Box 73067
Bellevue, KY  41073
(859) 431-7800
(859) 431-3100 (fax)
shanelaw@fuse.net

***/s/Stephen R.Felson***
Stephen R. Felson  (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Trial Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury as provided pursuant to the Civil Rules of Procedure.

/s/Steven C. Shane
Steven C. Shane
