# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHERI M. MYERS,**

    **Plaintiff,**

vs.

    Civil Action 2:09-cv-00696
    Judge Frost
    Magistrate Judge Deavers

**ASSET ACCEPTANCE, LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Class Motion Out of Time (Doc. 25), filed February 16, 2010. On March 9, 2010, Defendants filed their opposition to Plaintiff's motion (Doc. 38), and on March 22, 2010, Plaintiff filed her reply (Doc. 39). Also before the Court is Plaintiff's Motion for Leave to Amend Complaint, filed February 8, 2010, seeking leave to file a second amended complaint adding two additional class representatives and two sub-classes (Doc. 24). On March 4, 2010, Defendants filed their opposition memorandum (Doc. 30), and on March 8, 2010, Plaintiff filed her reply (Doc. 35). For the reasons that follow, both motions are **DENIED.**

## I. BACKGROUND

On August 9, 2009, Plaintiff Sherri M. Myers ("Plaintiff") filed this putative class action against Defendants Asset Acceptance LLC, Kimberly A. Klemenok, Eric T. Kohut, Jeffrey J. Sobeck, and Martin Bunce (collectively "Defendants"). Plaintiff filed an amended complaint on September 9, 2009 (Doc. 10). Plaintiff seeks recovery on behalf of herself and nationwide

classes of plaintiffs for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01, *et seq.*, in connection with Defendants' attempts to collect consumer debt.

On October 2, 2009, this Court issued a Preliminary Pretrial Order ("PPO") (Doc. 13), a scheduling order containing deadlines recommended to the Court by the parties in their Rule 26(f) report (Doc. 12). That PPO set December 16, 2009 as the deadline for Plaintiff to file her motion to certify classes of plaintiffs, which was the exact date proposed by the parties in their Rule 26(f) report. (Docs. 12, 13). Likewise, the PPO adopted the parties' proposed cut-off date for filing motions to amend the pleadings or add additional parties of November 27, 2009. (Docs. 12, 13). The parties never sought an extension, and the Court never altered the December 16, 2009 and November 27, 2009 deadlines. Nearly two months after the deadlines passed, Plaintiff filed the instant motions, seeking leave to file her motion to certify classes and leave to file a second amended complaint to add additional class representatives and sub-classes. Defendants oppose both motions.

## II.  ANALYSIS

Because Plaintiff fails to demonstrate good cause, the Court denies her motions for leave to amend and for leave to file her motion to certify classes.

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence

in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension."(quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

In the instant case, it is undisputed that Plaintiff missed the PPO's deadline to file her motion to certify classes and her motion for leave to amend. Further, it is undisputed that neither party sought an amendment of the deadlines. Plaintiff explains her basis for missing the deadlines: "The problem is that counsel failed to examine the Preliminary Pretrial Order (doc. 13) and relied solely upon the Court's Scheduling Order (doc. 14) . . . ." (Pls' Reply, at 2). Given counsel's admission that he failed to review the Order, the Court cannot find that Plaintiff exercised the requisite diligence. The omission is compounded by the fact that the parties stipulated to the missed deadline in their Rule 26(f) report, which notably, was filed by Plaintiff's counsel.

Although Plaintiff's lack of diligence is dispositive, the Court further notes that granting the relief requested would result in prejudice to Defendants. The addition of two subclasses, two new plaintiff representatives, and Plaintiff's motion to certify will necessarily broaden the scope of this case and require additional discovery. Yet, Plaintiff's motions were filed just weeks before the March 15, 2010 discovery deadline.

In short, Plaintiff's failure to show diligence, and the prejudice suffered by Defendants should the Court grant Plaintiff's requested relief, leads the Court determine that Plaintiff has

failed to demonstrate good cause as required under Rule 16.

### III.  DISPOSITION

Plaintiff's Motion for Leave to Amend Complaint (Doc. 24) and her Motion for Leave to File Class Motion Out of Time (Doc. 25) are **DENIED.**

The Clerk shall remove Documents 24 and 25 from the Court's pending motions list.


April 2, 2010                                                             */s/ Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge