**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SHERI M. MYERS,**

        **Plaintiff,**

                              **Case No.  2:09-cv-696**

   **v.**                          **JUDGE GREGORY L. FROST**

                                   **Magistrate Judge E.A. Preston Deavers**

**ASSET ACCEPTANCE LLC, et al.,**

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the following sets of filings:

(1) a motion for partial summary judgment (Doc. # 44) filed by Plaintiff, Sheri Myers, a memorandum in opposition (Doc. # 54) filed by Defendants Asset Acceptance LLC, Kimberly A. Klemenok, Eric T. Kohut, Jeffrey J. Sobeck, and Martin Bunce, and a reply memorandum (Doc. # 57) filed by Plaintiff;

(2) a motion for summary judgment (Doc. # 48) filed by Defendants; a memorandum in opposition (Doc. # 55) filed by Plaintiff, and a reply memorandum (Doc. # 58) filed by Defendants;

(3) a motion to strike (Doc. # 59) filed by Plaintiff, a memorandum in opposition (Doc. # 63) filed by Defendants, and a reply memorandum (Doc. # 64) filed by Plaintiff; and

(4) a motion to strike (Doc. # 60) filed by Defendants, a memorandum in opposition (Doc. # 65) filed by Plaintiff, and a reply memorandum (Doc. # 66) filed by Defendants.

For the reasons that follow, the Court **DENIES** Plaintiff's motion for partial summary judgment (Doc. # 44), **GRANTS** Defendants' motion for summary judgment (Doc. # 48) in

regard to Claims One and Two, **DISMISSES WITHOUT PREJUDICE** Claim Three, and

**DENIES AS MOOT** the motions to strike (Docs. # 59, 60).

## I.  Background

Defendant Asset Acceptance LLC ("Asset") is a purchaser of defaulted consumer debt.

In May 2009, Asset filed suit against Plaintiff, Sheri Myers, in the Licking County Municipal

Court over a defaulted credit card debt of approximately $5,766.01.  Defendants Kimberly A.

Klemenok, Eric T. Kohut, Jeffrey J. Sobeck, and Martin Bunce are attorneys who represent

Asset in the state court action, which appears to be ongoing.

Plaintiff filed the instant action on August 9, 2009.  In a three-count amended complaint,

she asserts that an affidavit and a statement of account attached to the state court complaint are

misleading or deceptive, that these documents were proffered as proof that she owed the debt at

issue, and that the documents and related representations of debt violate the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f, and the Ohio Consumer Sales

Practices Act ("OCSPA"), Ohio Revised Code §§ 1345.02 and .03.  Plaintiff has filed a motion

for partial summary judgment on claim one (Doc. # 44), and Defendants have filed a motion for

summary judgment on all three claims (Doc. # 48).  The parties have also filed motions to strike

summary judgment evidence relied upon by the opposing side.  (Docs. # 59, 60.)  Briefing has

closed on all of these motions, which are ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  The

Court may therefore grant a motion for summary judgment if the nonmoving party who has the

burden of proof at trial fails to make a showing sufficient to establish the existence of an element

that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*,

328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

　　　In viewing the evidence, the Court must draw all reasonable inferences in favor of the

nonmoving party, which must set forth specific facts showing that there is a genuine issue of

material fact for trial.  *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475

U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Muncie Power Prods., Inc.*, 328 F.3d at 873 (quoting

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  Consequently, the central issue is "

'whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at

234-35 (quoting *Anderson*, 477 U.S. at 251-52).

　　　**B.  Analysis**

　　　The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading

representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, as

well as prohibiting "use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10), and

any "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. §

1692(f).  Plaintiff asserts in Claim One that an April 23, 2009 affidavit from Asset supervisor

3

Jeffrey Sandusky violates the FDCPA because Sandusky had no personal knowledge concerning the purported debt that is the subject of the affidavit. Plaintiff also asserts that the state court complaint represents that this affidavit constituted proof that she owed the debt involved in that proceeding.

Defendants argue in response that the Sandusky affidavit does not purport to be based on personal knowledge. Rather, the affidavit states only that Sandusky is competent to testify to the affidavit statements. In his deposition, Sandusky explained that he thinks that he is competent to state that the affidavit information is correct because it has been through multiple levels of review. The debt information is obtained directly from the previous creditor from which Asset purchased the debt. Asset's marketing department then verifies that the information matches what was purchased, and an individual from Asset's verifications department next checks the information for accuracy. An attorney then checks the information, and the individual who prepares the paperwork next checks the information, which an attorney again checks. Before signing an affidavit, the Asset affiant checks the debtor name and the amount of the debt set forth in an affidavit against a statement summarizing the records. Thus, Defendants argue, a supervisor such as Sandusky is within his right to state that he is competent to state that the debt information is accurate and correct. Defendants conclude that because the information at issue here is not incorrect, the affidavit was not false, deceptive, or misleading and does not present a FDCPA violation.

This Court agrees with Defendants. Sandusky did not state that his affidavit was based on personal knowledge, unlike the affiant in the distinguishable *Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961 (N.D. Ohio 2009). In fact, rather than constituting the type of affidavit

"base[d] . . . on false personal knowledge" that *Midland Funding* rejected, the Sandusky affidavit more likely epitomizes that case's recommended affidavit "base[d] . . . on the accuracy of the records kept and the accuracy of the data." *Id.* at 969.  There is no evidence before this Court that the records supporting the existence of the debt or the amount of the debt are incorrect, despite Plaintiff's pointing to the notable volume of accounts that Asset handles in a given month.

Plaintiff attempts to direct the Court to consider not Defendants' explanation for what the Sandusky affidavit actually states and the extrinsic-to-the-affidavit foundation behind its statements, but to instead focus on whether the affidavit on its face violates the FDCPA divorced from Defendants' explanatory  summary judgment evidence.  This argument is not without some logic; the affidavit simply states that the affiant is competent to testify to the matters with which the document is involved and does not set forth the grounds for such competency.  But Plaintiff overreaches by asking too much of an affidavit that need not provide such detail to avoid being false, misleading, or deceptive as a matter of law.  Plaintiff characterizes Asset's procedures as "relying on the former owner of [the] debt to tell [Asset] what [the debtor] owe[s] and with whom [the debtor] contracted."  (Doc. # 57, at 3.)  But Plaintiff offers no persuasive rationale for why the procedures involved here and the resulting summarizing affidavit present false, misleading, or deceptive representations.  Nor does the affidavit constitute an unfair or unconscionable means to collect or attempt to collect the debt.  Given the foregoing, even the least sophisticated consumer would not be confused by the affidavit under the test identified below.

The Court therefore **DENIES** Plaintiff's motion for partial summary judgment (Doc. #

44) and **GRANTS** Defendants' motion for summary judgment on Claim One (Doc. # 48).

Defendants also move for summary judgment on Claim Two.  In this claim, Plaintiff asserts that a second attachment to the state court complaint also violates the FDCPA provisions cited above.  This attachment is a statement of the Asset account involving Plaintiff's debt.  It includes such information as Asset's logo and address, the account number, the balance due, the date of Plaintiff's last payment on the debt, the date Plaintiff went into delinquency on the debt, the date the debt was purchased by Asset, and the interest rate.  A boxed portion of the statement captioned "Account Information" contains the following text, set forth as reproduced below:

> BALANCE DUE
> ASSET ACCEPTANCE LLC, A LIMITED
> LIABILITY COMPANY ORGANIZED AND
> EXISTING UNDER THE LAWS OF THE
> STATE OF DELAWARE, ASSIGNEE OF
> HERITAGE CHASE/CHASE BANK
> P.O. Box 318037 CLEVELAND, OH 44131

(Doc. # 48-1, at 4.)  The last line of the statement reads: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR."  (*Id.*)

Plaintiff's claim asserts that this attachment looked like a monthly statement from the original debtor, that it constitutes a false, deceptive, or misleading representation that she had entered into the underlying credit card agreement, and that it constitutes a false, deceptive, or misleading representation that she owes the specific sum of money identified as the debt.  To support her contentions, Plaintiff directs this Court to *Hartman v. Great Seneca Financial Corporation*, 569 F.3d 606 (6th Cir. 2009).

In *Hartman*, the Sixth Circuit addressed whether a statement of account attached to a state court collections complaint violated the same provisions of the FDCPA involved here.

6

Finding that a genuine issue of material fact existed, the court of appeals reversed a grant of

summary judgment in favor of the debt collector.  The Sixth Circuit reached this result after

applying the applicable methodology and test, which the court of appeals described as follows:

> Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "When interpreting the FDCPA, we begin with the language of the statute itself." *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). As this court has noted, the FDCPA is "extraordinarily broad," crafted in response to what Congress perceived to be a widespread problem. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).  Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).  This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008) (quotation marks and citations omitted).  Nonetheless, the standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39 (quotation marks and citations omitted).

*Hartman*, 569 F.3d at 611-12 (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 332-33 (6th Cir.

2008)).  Application of the least sophisticated consumer test to the instant case, however, yields a

different result than in *Hartman*.

The Sixth Circuit held that, taken "on the whole," the statement involved in *Hartman*

looked "like a credit-card statement" issued by the debt collector.  *Id.* at 613.  The court of

appeals pointed to a number of characteristics supporting this conclusion, such as the fact that

the statement "contain[ed] no information that would enable a consumer to determine what had

been charged to or paid on this account, or when the debt was accrued."  *Id.*  Also identified as

relevant was that the only language in the *Hartman* statement indicating that the debt collector

was a debt collector was use of the word "assignee," which the court of appeals explained is "a

legal term that would not necessarily help the least sophisticated consumer understand the

relationships between the parties listed." *Id.*

Notably, the foregoing, relatively confined analysis in *Hartman* had the support of only two of the three judges comprising the appellate panel. The Honorable Karen Nelson Moore wrote the majority opinion, the Honorable Solomon Oliver, Jr. stated in a separate concurrence that he "concur[red] in Judge Moore's opinion," *id.* at 618 (Oliver, J., concurring), and the Honorable Helene White dissented, finding no issue with the statement. Judge Oliver explained in his concurrence the specific ways in which he concluded the statement was potentially misleading. His analysis of the statement characteristics–which Plaintiff relies upon heavily here–is not the controlling precedent of the court of appeals that provides the test here, but the view of one learned judicial officer. Only Judge Moore's analysis garnered a majority of the votes.

Confining itself to the controlling precedent, this Court concludes that the statement *sub judice* is distinguishable from the statement in *Hartman*. The statement here fails to contain information that would enable a consumer to determine what specifically had been charged to or paid on the underlying credit card account or when the credit card debt was accrued. These factors favor Plaintiff. But unlike in *Hartman*, the statement here notes explicitly the date of delinquency on the debt and the date Asset purchased the debt. This reflects when the debt to Asset accrued. Additionally, rather than only including the word assignee as in *Hartman*, the statement here stated in all capital letters that it was from a debt collector. There is no more explicit way to state that Asset is a debt collector.

Plaintiff argues that because "debt collector" is a legal term and because a credit card company could be a debt collector even if not required to label itself as such a statutory

obligation, a least sophisticated consumer could be confused.  This argument overlooks the fact that a least sophisticated consumer is not likely to be aware of the breadth of the term's potential scope in conjunction with mandated language requirements.  It also overlooks the fact that *Hartman* only requires that a debt collector make clear that it is a debt collector, not that it explain the nuances of that term.  Finally, Plaintiff overlooks the context created by the statement's various components.  No one part, such as the debt collector language, should be read in isolation.  Instead, the statement must be regarded as a whole.

Viewed in this light, a least sophisticated consumer will understand that the statement is from Asset, a debt collector that is attempting to collect on a debt purchased on December 17, 2008, from Heritage Chase/Chase/Chase Bank, after the debt became delinquent on October 28, 2006.  To conclude otherwise would be to ignore select provisions of the statement in order to find confusion, deception, or falsity where there is none.  The common elements of this statement that would also appear on a credit card statement–the account number and interest rate–do not create confusion when placed in context, but provide the link for a least sophisticated consumer to connect the credit card account to the Asset account so that the consumer is told what was purchased and can readily see the origin of the debt.  The greater specificity and detail contained within the statement here contrasts with the statement deemed questionable in *Hartman*.

Under the least sophisticated consumer test, no reasonable juror could conclude that the statement constitutes or presents a false, deceptive, or misleading representation or means of collecting the debt.  Nor could a reasonable juror conclude that the statement constitutes or presents an unfair or unconscionable means to collect or attempt to collect the debt.  The Court

9

thus **GRANTS** Defendants' motion for summary judgment on Claim Two.  (Doc. # 48.)

Having disposed of the federal claims above, the Court need not and does not address Defendants' alternative grounds for obtaining judgment.  Moreover, in light of the failure of these federal claims, this Court presumptively should not address the state law OCSPA claim. *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996))).  Plaintiff has failed to assert any justification or alternative basis for exercising jurisdiction over Claim Three should the Court grant summary judgment on her federal claims. Therefore, the Court expresses no opinion as to the merits of the OCSPA claim and **DISMISSES** this claim without prejudice.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) ("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment").

Having declined to exercise jurisdiction over the state law claim, the Court recognizes that the parties' motions to strike are rendered irrelevant.  Plaintiff's motion seeks to strike briefing related to Claim Three, while Defendants' motion seeks to strike a declaration that, with the dismissal of the FDCPA claims, could now inform only analysis of Claim Three.  The Court therefore **DENIES AS MOOT** the motions to strike.  (Docs. # 59, 60.)

10

### III.  Conclusion

The Court **DENIES** Plaintiff's motion for partial summary judgment (Doc. # 44) and

**GRANTS** Defendants' motion for summary judgment in regard to Claims One and Two (Doc. #

48).  Additionally, the Court declines to exercise jurisdiction over Claim Three, which is

dismissed without prejudice.  The Court also **DENIES AS MOOT** the motions to strike.  (Docs.

# 59, 60.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket

records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                    /s/   Gregory L. Frost
                                    GREGORY L. FROST
                                    UNITED STATES DISTRICT JUDGE